**Affirmed and Memorandum Opinion filed July 23, 2024.**



In The

# Fourteenth Court of Appeals

NO. 14-23-00076-CR
NO. 14-23-00077-CR

**THI NGUYEN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 400th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 18-DCR-084900 & No. 18-DCR-084901**

## MEMORANDUM OPINION

Appellant Thi Nguyen was convicted of the second-degree felony offenses of indecency with a child (trial-court cause number 18-DCR-084900; appellate case number 14-23-00076-CR) and sexual assault of a child (trial-court cause number 18-DCR-084901; appellate case number 14-23-00077-CR). *See* Tex. Penal Code Ann. §§ 21.11(a)(1); 22.011(a)(2). The jury assessed punishment at imprisonment for 10 years for the offense of indecency with a child and 20 years

for the offense of sexual assault of a child, to run concurrently. *See* Tex. Penal Code Ann. § 12.33.

In four issues, appellant challenges his conviction on appeal. He argues that the trial court made evidentiary errors by excluding evidence complainant was a commercial sex worker and admitting evidence of another alleged victim pursuant to Code of Criminal Procedure article 38.37. *See* Tex. Code Crim. Proc. Ann. art. 38.37. He further argues the trial court erred by excluding his objection to the jury-charge instructions that allowed the jury to consider testimony of another alleged victim for irrelevant purposes. Appellant also asserts he was denied effective assistance of counsel in the guilt-innocence stage of trial.

We affirm the judgments of the trial court as challenged on appeal.

## I.    BACKGROUND

Complainant Jane Doe alleged that when she was fifteen-years old her father began sexually abusing her. Although she testified that he had previously been her best friend, after moving to Houston in 2018, Jane Doe alleged that appellant touched her genital area, specifically on one occasion when she was sleeping next to her father on the floor shortly after the family moved into a new home. She also alleged that on two separate occasions appellant sexually assaulted her by causing her to put her mouth on his sexual organ.

After Jane Doe made an outcry at school, appellant was arrested and charged with indecency with a child and sexual assault of a child. At trial, Jane Doe testified to the allegations she made against appellant. Over appellant's objection, the trial court also allowed the testimony of Jane Doe's aunt, D.P., who alleged that appellant sexually assaulted her when he was visiting her family twenty years earlier and she was a minor.

2

## II. ANALYSIS

### A. Exclusion of evidence regarding Jane Doe's credibility

In issue one, appellant argues that the trial court erred by excluding evidence in the guilt-innocence stage of trial that Jane Doe was an online commercial sex worker.

Outside the presence of the jury, appellant requested the opportunity to examine Jane Doe about whether she was a commercial sex worker. Counsel for appellant told the trial court that he had a "good faith belief" that Jane Doe had a profile—and offered "web camming" services—on a "My Fans" website.[1] Counsel then explained that he had reviewed Jane Doe's bank account and concluded that her income was consistent with "either prostitution or somebody who's doing commercial sex web camming." Because Jane Doe testified that she worked as a barista, appellant asserted he was entitled to examine Jane Doe about her sources of income because it would be relevant to Jane Doe's credibility and whether Jane Doe was committing a crime of moral turpitude. The trial court did not allow appellant to examine Jane Doe about whether she was a commercial sex worker in front of the jury but told appellant he could make an offer of proof later in the proceedings. Appellant never made an offer of proof on this issue.

Appellant has not preserved error on this issue. *See* Tex. R. Evid. 103(a)(2) (requiring offer of proof if evidence is excluded); Tex. R. App. P. 33.1(a). We overrule issue one.

### B. Admission of D.P.'s testimony pursuant to article 38.37

In issue four, appellant argues that although the law allows the State to offer

---

[1] The State refers to the name of the website as an "OnlyFans." However, the argument made before the trial court did not refer to "OnlyFans," nor was there a substantive discussion of the website or its purpose.

3

extraneous-conduct evidence, it was error to admit such evidence because the evidence was substantially more prejudicial than probative. *See* Tex. Code Crim. Proc. Ann. art. 38.37; Tex. R. Evid. 403.

### 1. Standard of review and applicable law

We review a trial court's ruling on the admissibility of evidence of extraneous offenses for an abuse of discretion. *See Pawlak v. State*, 420 S.W.3d 807, 810 (Tex. Crim. App. 2013) (citing *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990 & 1991) (op. on reh'g)). We will affirm a trial court's evidentiary ruling that is within the zone of reasonable disagreement and correct under any theory of law. *See Pawlak*, 420 S.W.3d at 810.

Generally, "an accused may not be tried for some collateral crime or for being a criminal generally." *Stafford v. State*, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991) (quoting *Williams v. State*, 662 S.W.2d 344, 346 (Tex. Crim. App. 1983)). To that end, evidence of prior crimes, wrongs, or other acts that is otherwise relevant is typically inadmissible to show that the defendant "acted in accordance with the character" or had a propensity to commit the crime. Tex. R. Evid. 404(b) (character evidence generally inadmissible); *see also* Tex. R. Evid. 401, 402. However, at a trial for indecency with a child or sexual assault of a child, such as this one, the Code of Criminal Procedure does allow the admission of certain extraneous offenses. *See* Tex. Code Crim. Proc. Ann. art. 38.37.

Article 38.37 describes the circumstances in which certain extraneous-act evidence can be admitted:

> Notwithstanding Rules 404 and 405, Texas Rules of Evidence, and subject to Section 2-a, evidence that the defendant has committed a separate offense described by Subsection (a)(1) or (2) may be admitted in the trial of an alleged offense described by Subsection (a)(1) or (2) for any bearing the evidence has on relevant matters,

4

including the character of the defendant and acts performed in conformity with the character of the defendant.

Tex. Code Crim. Proc. Ann. art. 38.37, § 2(b).[2] Before evidence of such offenses is admitted, the court must first "(1) determine that the evidence likely to be admitted at trial will be adequate to support a finding by the jury that the defendant committed the separate offense beyond a reasonable doubt; and (2) conduct a hearing out of the presence of the jury for that purpose." *Id.* § 2-a. The State must also provide notice to the defendant of its intent to introduce evidence under article 38.37. *Id.* § 3. The parties do not dispute that these statutory procedures were followed.

Extraneous-offense evidence is not exempt from the scope of Texas Rule of Evidence 403. Rule 403 states that the "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." Tex. R. Evid. 403. The court of criminal appeals has articulated a four-factor balancing test to determine whether unfair prejudice substantially outweighs the probative value of an extraneous offense under Rule 403:

(1) how compellingly the extraneous offense evidence serves to make a fact of consequence more or less probable—a factor which is related to the strength of the evidence presented by the proponent to show the defendant in fact committed the extraneous offense;

(2) the potential the other offense evidence has to impress the jury "in some irrational but nevertheless indelible way;"

(3) the time the proponent will need to develop the evidence, during which the jury will be distracted from consideration of the indicted

---

[2] Subsection (a)(1) lists eight specific offenses, including Penal Code sections 21.11 (indecency with a child), and 22.011(a)(2) (sexual assault of a child). Tex. Code Crim. Proc. Ann. art. 38.37, § 2(a)(1), (2).

offense; and

(4) the force of the proponent's need for this evidence to prove a fact of consequence, *i.e.*, does the proponent have other probative evidence available to him to help establish this fact, and is this fact related to an issue in dispute.

*De La Paz v. State*, 279 S.W.3d 336, 348–49 (Tex. Crim. App. 2009) (citing *Wyatt v. State*, 23 S.W.3d 18, 26 (Tex. Crim. App. 2000)). The court also cautioned that Rule 403 "should be used sparingly to exclude relevant, otherwise admissible evidence that might bear upon the credibility of either the defendant or complainant in such 'he said, she said' cases." *Hammer v. State*, 296 S.W.3d 555, 562 (Tex. Crim. App. 2009). "[T]exas law, as well as the federal constitution, requires great latitude when the evidence deals with a witness's specific bias, motive, or interest to testify in a particular fashion." *Id.*

Although the court of criminal appeals has held that "sexually related bad acts and misconduct involving children are inherently inflammatory," "the plain language of Rule 403 does not allow a trial court to exclude otherwise relevant evidence when that evidence is merely prejudicial." *Pawlak*, 420 S.W.3d at 811 (citing Tex. R. Evid. 403). "Indeed, all evidence against a defendant is, by its very nature, designed to be prejudicial." *Pawlak*, 420 S.W.3d at 811. Rather, Rule 403 only authorizes a court to "exclude relevant evidence if its probative value is *substantially outweighed* by a danger of . . . unfair prejudice[.]" Tex. R. Evid. 403 (emphasis added); *see Wheeler v. State*, 67 S.W.3d 879, 888 (Tex. Crim. App. 2002) (trial court abuses its discretion in admitting otherwise relevant and admissible testimony "*only* if the danger of unfair prejudice substantially outweigh[s] the probative value of [the] testimony").

## 2. Trial court did not abuse its discretion

Appellant argues that the trial court erred in admitting D.P.'s testimony

because it was inherently inflammatory and the probative value of her testimony was minimal. Appellant argues D.P.'s testimony addressed allegations remote in nature and dissimilar to those allegations made by Jane Doe. The State responds that the testimony was properly admitted and that, although prejudicial, D.P.'s testimony established appellant's propensity to "prey upon young, teenage family members." The State also argued that it needed D.P.'s testimony to rebut appellant's defensive theory that Jane Doe made up her claims against appellant as revenge or retaliation.

The opinion of the court of criminal appeals in *Wheeler v. State* is instructive. 67 S.W.3d at 886–89. Wheeler was indicted for aggravated sexual assault of a child who was his daughter's friend. *Id.* at 880. He presented various defensive theories at trial, including that the complainant had "made up" the allegations against him for profit, and that he lacked opportunity because he was never alone with the complainant or, alternatively, it was impossible to commit the offense "in a room full of people." *Id.* at 887. At trial, the State called Wheeler's niece to testify about an incident nine years earlier, when she was six years old, during which Wheeler inappropriately touched her in a "very similar" manner as he had touched the complainant: underneath her clothes while family members were nearby. *Id.* at 886–87.

The court determined that the niece's testimony was relevant to rebut Wheeler's defensive theories, including by showing that the complainant was not motivated by greed in her allegations that Wheeler had sexually assaulted her. *Id.* at 887. "Extraneous sex offenses were and are still admissible if they fall into one of the proper 'exceptions' to the 'general rule' barring their admission." *Id.* (citation omitted). The court further "recognized that in prosecutions for sexual offenses, a successful conviction 'often depend[s] primarily on whether the jury

believe[s] the complainant, turning the trial into a swearing match between the complainant and defendant.'" *Id*. at 888 (citation omitted). The niece's testimony described an incident "quite similar to the charged event," and it "provided, at a minimum, the 'small nudge' towards contradicting [Wheeler's] defensive theories and towards proving that the molestation did indeed occur." *Id*. (quoting *Montgomery*, 810 S.W.2d at 381). The court held that the trial court did not abuse its discretion in admitting the niece's testimony under Rule 403. *Id*. at 889.

Here, appellant's defensive theory was that the conduct and offenses alleged by Jane Doe were invented. Appellant tried to paint Jane Doe as a troubled teenager, who "lied with the precision of an adult." He attempted to discredit her testimony by arguing that he never committed any of the alleged acts and that her allegations were intended to punish appellant for his parenting decisions. D.P's testimony that she was abused by appellant is relevant to rebut appellant's defensive theory that complainant invented her allegations against appellant. *See Wheeler*, 67 S.W.3d at 887; *see also De La Paz*, 279 S.W.3d at 348–49 (stating first factor of Rule 403 balancing test). It is also evidence of appellant's character and propensity to act in conformity with his character, namely that he has a propensity to sexually abuse teenage women. *See* Tex. Code Crim. Proc. Ann. art. 38.37, § 2(b). Although the single incident described by D.P. occurred approximately 20 years before the offenses on trial, her testimony provided a "small nudge" towards contradicting appellant's defensive theories and in supporting Jane Doe's testimony that the abuse did occur. *See Wheeler*, 67 S.W.3d at 888. D.P.'s testimony did not take an inordinate amount of time at trial or distract the jury. While the testimony from D.P. was inflammatory, it was relevant to allegations against appellant and the State needed the evidence to rebut appellant's defensive theory and demonstrate complainant's credibility.

8

We conclude that the trial court did not abuse its discretion in admitting the extraneous-offense testimony from D.P. *See* Tex. R. Evid. 403; *see also Hammer*, 296 S.W.3d at 562; *Wheeler*, 67 S.W.3d at 889.

We overrule issue four.

## C.     Jury instruction

In issue two, appellant argues the trial court erred by overruling his objection to the jury charges which permitted the jury to consider D.P.'s testimony to determine his "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."[3] Tex. R. Evid. 404(b)(2). Character evidence is admissible under Texas Rule of Evidence 404(b) if it supports the foregoing permitted uses. However, appellant argues that the specifically identified uses were irrelevant and the instruction was erroneous because it directed the jury to consider irrelevant matters.

### 1.  Standard of review and applicable law

A claim of jury-charge error is reviewed in two steps. *See Cortez v. State*, 469 S.W.3d 593, 598 (Tex. Crim. App. 2015). We first determine whether there is error in the charge. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). If we find error, then we analyze that error for harm. *Id*. If a defendant does not properly preserve error by objection, any error in the charge "should be reviewed only for 'egregious harm' under *Almanza*." *Madden v. State*, 242 S.W.3d 504, 513 (Tex. Crim. App. 2007) (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985)).

Code of Criminal Procedure article 36.14 provides that the trial court "shall

---

[3] Although the jury received two separate jury charges—one for the offense of indecency with a child and one for sexual assault of a child—both written charges contained the identical language objected to by appellant.

. . . deliver to the jury . . . a written charge distinctly setting forth the law applicable to the case[.]" Tex. Code Crim. Proc. Ann. art. 36.14. "The purpose of the jury charge is to inform the jury of the applicable law and guide them in its application to the case." *Beltran De La Torre v. State*, 583 S.W.3d 613, 617 (Tex. Crim. App. 2019) (quoting *Hutch v. State*, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996)).

### 2. The charges

As it relates to the testimony of D.P., both jury charges contained the following instruction:

> You are further instructed that if there is any testimony before you in this case regarding the Defendant having committed a separate offense against another child victim, you cannot consider said testimony for any purpose unless you find and believe beyond a reasonable doubt that the Defendant committed the separate offense, and even then you may only consider the same for the following purposes:
>
> 1) to determine the Defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident; or,
>
> 2) to determine the character of the Defendant and acts performed in conformity with the character of the Defendant.

Appellant concedes that the instruction in subpart 2 properly limited the jury's consideration of D.P.'s testimony pursuant to article 38.37. Tex. Code Crim. Proc. Ann. art. 38.37 ("evidence that the defendant has committed a separate offense . . . may be admitted in the trial of an alleged offense . . . for any bearing the evidence has on relevant matter, including the character of the defendant and acts performed in conformity with the character of the defendant."). However, appellant argues that the instruction in subpart 1, was erroneous because it instructed the jury to consider D.P.'s testimony for irrelevant matters: motive, opportunity, intent,

10

preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

At the charge conference appellant objected to subpart 1 because "it gives the jury an opportunity to consider the evidence for things that aren't relevant in this matter." The State responded that the Rule 404(b) language was appropriate in the charges because the jury was entitled to consider D.P.'s testimony for the "normal lawful purposes and the 38.37 purposes." In essence, the State argues that the Rule 404(b) language was appropriate to clarify that the jury could consider D.P.'s testimony for all purposes including character conformity and that subpart 1 was needed because language of article 38.37 begins with "Notwithstanding Rule[] 404." However, the State never responded to the part of appellant's objection that the instruction in subpart 1 was not raised by the evidence. Neither in the trial court nor on appeal does the State offer an explanation of why D.P.'s testimony was relevant to appellant's motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident with respect to the charged offenses.

Because the jury instruction unnecessarily called attention to D.P.'s testimony for an irrelevant purpose, we conclude the limiting instruction was erroneous.

### 3. Harm

"[E]rror which has been properly preserved by objection will call for reversal as long as the error is not harmless." *Almanza*, 686 S.W.2d at 171. Therefore, we review the record to evaluate whether defendant "suffered some actual, rather than merely theoretical, harm from the error." *Warner v. State*, 245 S.W.3d 458, 462 (Tex. Crim. App. 2008). The harm analysis requires consideration of (1) the jury charge as a whole, (2) the arguments of counsel, (3) the entirety of the evidence, and (4) other relevant factors present in the record.

*Reeves v. State*, 420 S.W.3d 812, 816 (Tex. Crim. App. 2013).

Appellant argues that he suffered some harm from the error. First, appellant argues that the admission of extraneous offenses is inherently prejudicial and necessarily caused some harm to him. However, appellant's claim of error here is not with admission of the evidence, but with the limiting instruction in the jury charges. Appellant next argues that the overly broad instruction improperly expanded the permissible reasons for which D.P.'s testimony should have been considered by the jury.

The breadth of article 38.37, which allows the jury to consider evidence of extraneous offenses and acts of an other "relevant matter," certainly includes and subsumes motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident with respect to the charged offense.[4] While there was nothing in the record suggesting that D.P.'s testimony supported any of these purposes, there is also nothing in the record that indicates any harm resulted from the jury's possible consideration of D.P.'s testimony for purposes of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident with respect to the charged offense. Therefore, the jury charges weigh against a conclusion that appellant was harmed.

The arguments of counsel similarly do not reflect any harm to appellant. The State referenced D.P.'s testimony with respect to appellant's character: "That's the kind of person that this defendant is. That's the kind of person this defendant

---

[4] There is no restrictive rule regarding the admission of evidence relating to a criminal defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident with respect to the charged offense. Tex. R. Evid. 401 (evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence"). Rule 404(b) is an exception to the general prohibition of evidence about crimes, wrongs and other acts, but it is not applicable here as D.P.'s testimony was admitted based on article 38.37 which allowed the jury to consider D.P's testimony as to appellant's character, as well as any other "relevant matter."

always has been. And when someone shows you who they are repeatedly, you should believe them." The State's argument asked the jury to use D.P.'s testimony as character evidence, and nothing else.

The evidence similarly weighs against the conclusion of harm. D.P's testimony played a relatively small part at appellant's trial. As discussed above, D.P.'s testimony addressed only an alleged incident between D.P. and appellant that occurred approximately 20 years earlier. Her testimony offered relevant information as to appellant's character and did not have any tendency to make any fact relating to appellant's motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident with respect to the offenses against Jane Doe any more or less probable.

With no other relevant factors in the record and the three applicable *Almanza* factors weighing against a conclusion of harm, we conclude appellant was not harmed by the inclusion of a jury instruction not raised by the evidence.

We overrule appellant's issue two.

## D.     Ineffective assistance of counsel

In issue three, appellant argues that he received ineffective assistance of counsel because his trial counsel did not request an appropriate limiting instruction for D.P.'s testimony both before she testified and in the jury charges.

Evaluating claims of ineffective assistance of counsel under the Sixth Amendment involves a two-pronged test: (1) whether counsel was deficient and (2) whether the defendant suffered prejudice as a result of counsel's error. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*.

13

at 694. In assessing prejudice, courts "must consider the totality of the evidence before the judge or jury." *Id*. at 695.

In his motion for new trial, the appellant complained that defense counsel did not: (1) request a limiting instruction before D.P. testified and (2) request a narrow, tailored instruction to be included in the jury charge limiting the use of D.P's testimony specifically to character evidence, and not for any other purpose. At the hearing on the motion for new trial, appellant's trial counsel stated that he was aware D.P.'s testimony should have been subject to a limiting instruction, but because the trial court stated it would provide an appropriate instruction, appellant's trial counsel did not follow up. He admitted it was an oversight. With respect to the jury charge, trial counsel stated that he objected to the charge because of the inclusion of the Rule 404(b) language. However, he did not file or request a specific instruction with the trial court limiting the jury's consideration of D.P.'s testimony to character-evidence purposes only.

We need not decide whether trial counsel's oversight in not requesting the limiting instructions described above was deficient. Even if trial counsel were deficient, appellant must also show prejudice, which he cannot on this record. We have already concluded that the error in the jury charges, which allowed the jury to consider D.P.'s testimony for irrelevant purposes did not harm appellant. The jury charges did contain an instruction that limited the jury's consideration of D.P.'s testimony. *Payton v. State*, 830 S.W.2d 722, 730 (Tex. App.—Houston [14th Dist.] 1992, no pet.) ("Even if the trial court erred in failing to give a limiting instruction when the evidence was offered, the error was cured by the inclusion of a proper limiting instruction in the charge."). Further, the jury received testimony from Jane Doe and D.P. regarding their allegations against appellant. Both witnesses presented strong testimony against appellant, which the jury found credible as

evidenced by their finding of appellant's guilt. The more-tailored instruction that appellant suggests his trial counsel should have requested would still have permitted the jury to consider D.P.'s testimony for purposes of determining appellant's character, which was the only probative purpose it offered at trial.

Given the ample evidence against appellant, an instruction limiting D.P's testimony to character-evidence purposes would not have had any effect on the outcome. *See Berghuis v. Thompkins*, 560 U.S. 370, 390 (2010) (failure to request limiting instruction about earlier acquittal or conviction was not reasonably likely to have made any difference in outcome).

We overrule issue three.

### III. CONCLUSION

Having overruled appellant's four issues, we affirm the judgments of the trial court as challenged on appeal.

/s/    Charles A. Spain
        Justice

Panel consists of Justices Bourliot, Zimmerer, and Spain.

Do Not Publish—Tex. R. App. P. 47.2(b).